IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAXTON HAFEN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE; CONTINUING TRIAL; AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 4:19-cr-00131<br><br>District Judge David Nuffer |

Based on the Stipulated Motion to Exclude Time Under the Speedy Trial Act and to Set a New Trial Date ("Motion"),[1] and for good cause appearing, the following findings are entered:

**FINDINGS**

1. Defendant Braxton Hafen first appeared on December 9, 2019. A jury trial was set for February 19, 2020,[2] which was within the 70-day period under the Speedy Trial Act.[3]

2. Mr. Hafen has previously filed a motion for a continuance under 18 U.S.C. § 3161(h) (7) (ends of justice).[4] The motion was granted, and the resulting period of delay was found to be excludable under the STA.[5]

3. A total of 35 days has run on the STA clock.

---

[1] Docket no. 84, filed May 12, 2020.

[2] Minute Entry for Proceedings Held Before Magistrate Judge Kohler, docket no. 19, filed December 9, 2019.

[3] 18 U.S.C. § 3161(c)(1).

[4] Motion to Continue Jury Trial, docket no. 44, filed January 13, 2020.

[5] Order Continuing Jury Trial, docket no. 54, filed January 21, 2020.

4.     A two-day jury trial is currently set for June 16, 2020.[6]

5.     The Motion requests that the trial be continued under 18 U.S.C. § 3161(h) (7) (ends of justice).[7] This is the first requested continuance.

6.     The length of delay requested is 150 days.[8]

7.     Mr. Hafen alleges that the continuance is necessary because failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[9]

8.     Specific facts that support this allegation include the following:

    a.     Counsel for Mr. Hafen is considered high risk due to the recent heart surgery that he has undergone, as well as being recovered from treatment for cancer that resulted in his spleen being removed. During the COVID-19 Pandemic, counsel has been ordered by his physician to remain at a distance of others of at least 6 feet at all times, and to remain at home whenever possible. Counsel is unable to go to the jail at the present time to see Mr. Hafen and prepare for trial.[10]

9.     Opposing counsel has been contacted and does not object to the requested continuance.[11]

---

[6] *Id.*

[7] Motion at 3-5.

[8] *Id.* at 1.

[9] *Id.* at 3-5.

[10] *Id.*

[11] *Id.*

10. Mr. Hafen is in custody. He has been advised of the reasons for the requested continuance, he understands that the time requested may be excluded from any calculation under the STA, and based on this understanding and knowledge he agrees with the Motion's filing.[12]

11. Co-defendants joined for trial in this case have not filed a motion for severance.

12. Co-defendant James Lamond Simpson filed a status report on May 15, 2020,[13] in which he indicated that he would need 150 days to prepare for trial after the restrictions on in-court proceedings are lifted on June 15, 2020, consistent with Mr. Hafen's request.

13. Co-defendant Isaac Alejos filed a status report on May 14, 2020,[14] in which he indicated that he would need 150 days to prepare for trial after the restrictions on in-court proceedings are lifted on June 15, 2020, consistent with Mr. Hafen's request.

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[15] However, based on the ongoing nature of the COVID-19 outbreak in the District, the effect of national and local public health recommendations and directives (including restrictions on travel and the availability of hotel accommodations), and the findings and conclusions in Chief Judge Shelby's General Orders 20-009 through 20-012, it is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act. The expanding number of COVID-19 cases and deaths nationally, and in Utah, and Governor Herbert's extension of the "Stay Safe, Stay Home" directive and "soft closure" of public schools demand modifications in court practices to

---

[12] *Id.* at 5.

[13] Docket no. 86, filed May 15, 2020.

[14] Docket no. 85, filed May 14, 2020.

[15] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

protect the public health. Courts and court operations are necessarily social operations, involving many people.

The need to protect the health of the public in the midst of a deadly pandemic outweighs the rights of Defendant and the public to a speedy trial. Moreover, there is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, is not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

Furthermore, based on the foregoing findings, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[16] Thus, the end of justice served by a continuance outweigh the best interest of the public and Mr. Hafen in a speedy trial.[17]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[18] is GRANTED. The two-day jury trial previously set to begin on June 16, 2020, is continued to 9:00 a.m. on November 17, 2020. Accordingly, the time between the filing of the Motion, May 12, 2020, and

---

[16] *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

[17] *See id.* § 3161(h)(7)(A).

[18] Docket no. 84, filed May 12, 2020.

the new trial date November 17, 2020 is excluded from Defendants' speedy trial computation for good cause.

    Signed May 21, 2020.

                                BY THE COURT

                                _____
                                David Nuffer
                                United States District Judge